

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>DRAES, INC., a Montana corporation, GG&ME, LLC, a Montana limited liability company, BRYAN SANDROCK, KEVIN DETIENNE, individually and on behalf of THE VIBEKE DETIENNE TRUST as Trustee, THE TRAIN STATION, LLC, a Montana limited liability company, and THE MONEY TRAIN, LLC, a Montana limited liability company,<br><br>Defendants. | No. CV 17-85-H-SEH<br><br>ORDER |

This case was filed on July 24, 2017. Diversity jurisdiction is claimed.[1] However, the requisite diversity of citizenship necessary to establish diversity jurisdiction is not pleaded.

---

[1] Doc. 1 at 3.

-1-

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) Citizens of different States;

28 U.S.C. § 1332 (a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2016). It is to be strictly construed. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941)(citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists. *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

The Complaint names four entity defendants and two individual defendants. Three of the entities appear to be limited liability companies: GG&ME, LLC; the Train Station, LLC; and the Money Train, LLC.

While a limited liability company (LLC) resembles both a partnership and a corporation, they are treated as "partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Here, Plaintiff fails to allege the citizenship of Defendants GG&ME, LLC; the Train Station, LLC; and the Money Train, LLC. The citizenship of each individual member is not alleged. It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) and applicable case law provide that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(citation omitted).

ORDERED:

This case will be dismissed on October 11, 2017, unless Plaintiff files an

amended pleading properly alleging jurisdiction on or before that date.

DATED this 4th day of October, 2017.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Court